UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | |
| **Plaintiff** | CIVIL ACTION NO: 2:23-cv-00031-LEW |
| v. | |
| **Arnold H. McCrillis and ResCap Liquidating Trust, successor in interest to GMAC Mortgage, LLC successor by merger to GMAC Mortgage Corporation** | ANSWER OF PARTY-IN-INTEREST MISHA PRIDE, ESQ., PERSONAL REPRESENTATIVE OF THE ESTATE OF JON F. SORENSON |
| **Defendants** | |
| **Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Mortgage Corporation**<br>**Capital One Bank (USA) N.A.**<br>**New England Receivables, LLC**<br>**Discover Bank**<br>**Misha Pride, Esq., Personal Representative of the Estate of Jon F. Sorenson** | |
| **Parties-in-Interest** | |

NOW COMES the Party-in-Interest, Misha Pride, Esq., Personal Representative of the Estate of Jon F. Sorenson (hereinafter the "Estate"), by and through undersigned counsel, and hereby files its Answer to the Plaintiff's Complaint.

1.     The statements contained in ¶ 1 call for a legal conclusion and no response is required.  To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 1 and therefore denies the same.

2. The statements contained in ¶ 2 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 2 and therefore denies the same.

3. The statements contained in ¶ 3 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 3 and therefore denies the same.

4. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 4 and therefore denies the same.

5. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 5 and therefore denies the same.

6. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 6 and therefore denies the same.

7. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 7 and therefore denies the same.

8. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 8 and therefore denies the same.

9. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 9 and therefore denies the same.

10. The Estate admits the allegations contained in ¶ 10.

11. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 11 and therefore denies the same.

**FACTS**

12. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 12 and therefore denies the same.

13. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 13 and therefore denies the same.

14. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 14 and therefore denies the same.

15. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 15 and therefore denies the same.

16. The Estate admits the allegations contained in ¶ 16.

17. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 17 and therefore denies the same.

18. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 18 and therefore denies the same.

19. The statements contained in ¶ 19 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 19 and therefore denies the same.

20. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 20 and therefore denies the same.

21. The Estate admits the allegations contained in ¶ 21.

22. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 22 and therefore denies the same.

23. The Demand Letter speaks for itself and the Estate denies any representation in ¶ 23 inconsistent with the substance of the purported Demand Letter.

24. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 24 and therefore denies the same.

25. The statements contained in ¶ 25 call for a legal conclusion and no response is required. To the extent a response is required the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 25 and therefore denies the same.

26. The statements contained in ¶ 26 call for a legal conclusion and no response is required. To the extent a response is required the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 26 and therefore denies the same.

27. The statements contained in ¶ 27 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 27 and therefore denies the same.

28. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 28 and therefore denies the same.

29. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 29 and therefore denies the same.

30. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 30 and therefore denies the same.

31. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 31 and therefore denies the same.

32. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 32 and therefore denies the same.

33. The statements contained in ¶ 33 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 33 and therefore denies the same.

34. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 34 and therefore denies the same.

35. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 35 and therefore denies the same.

## COUNT I – FORECLOSURE AND SALE

36. The Estate repeats and reaffirms the responses contained in the foregoing paragraphs as if fully set forth herein.

37. The statements contained in ¶ 37 call for a legal conclusion and no response is required. To the extent a response is required, the Estate admits only that Plaintiff has pled a claim for foreclosure and sale regarding 181 Hennessey Drive, Portland, County of Cumberland, and State of Maine.

38. The statements contained in ¶ 38 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 38 and therefore denies the same.

39. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 39 and therefore denies the same.

40. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 40 and therefore denies the same.

41. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 41 and therefore denies the same.

42. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 42 and therefore denies the same.

43. The statements contained in ¶ 43 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 43 and therefore denies the same.

44. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 44 and therefore denies the same.

45. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 45 and therefore denies the same.

46. The statements contained in ¶ 46 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 46 and therefore denies the same.

## COUNT II – BREACH OF NOTE

47. The Estate repeats and reaffirms the responses contained in the foregoing paragraphs as if fully set forth herein.

48. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 48 and therefore denies the same.

49. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 49 and therefore denies the same.

50. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 50 and therefore denies the same.

51. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 51 and therefore denies the same.

52. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 52 and therefore denies the same.

53. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 53 and therefore denies the same.

54. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 54 and therefore denies the same.

55. The statements contained in ¶ 55 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 55 and therefore denies the same.

56. The statements contained in ¶ 56 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 56 and therefore denies the same.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

57. The Estate repeats and reaffirms the responses contained in the foregoing paragraphs as if fully set forth herein.

58. The statements contained in ¶ 58 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 58 and therefore denies the same.

59. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 59 and therefore denies the same.

60. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 60 and therefore denies the same.

61. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 61 and therefore denies the same.

62. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 62 and therefore denies the same.

63. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 63 and therefore denies the same.

64. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 64 and therefore denies the same.

65. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 65 and therefore denies the same.

66. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 66 and therefore denies the same.

67. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 67 and therefore denies the same.

68. The statements contained in ¶ 68 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 68 and therefore denies the same.

69. The statements contained in ¶ 69 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 69 and therefore denies the same.

## COUNT IV – UNJUST ENRICHMENT

70. The Estate repeats and reaffirms the responses contained in the foregoing paragraphs as if fully set forth herein.

71. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 71 and therefore denies the same.

72. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 72 and therefore denies the same.

73. The Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 73 and therefore denies the same.

74. The statements contained in ¶ 74 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 74 and therefore denies the same.

75. The statements contained in ¶ 75 call for a legal conclusion and no response is required. To the extent a response is required, the Estate is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 75 and therefore denies the same.

WHEREFORE, the Estate respectfully requests that the Plaintiff's Complaint herein be dismissed, and that the Estate be awarded its attorney fees, costs, and such other relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

Party-in-Interest, Misha Pride, Esq., Personal Representative of the Estate of Jon F. Sorenson (hereinafter the "Estate") asserts the following affirmative defenses to the Plaintiff's Complaint:

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by a failure to comply with 14 M.R.S.A. § 6101 et seq.

3. Plaintiff's claims are barred in whole or in part by a failure to comply with 14 M.R.S.A. § 6321 et seq.

4. Plaintiff's claims are barred in whole or in part by a failure to comply with 14 M.R.S.A. § 6203-A et seq.

5. Plaintiff's claims are barred in whole or in part by receipt of payment;

6. Plaintiff's claims are barred in whole or in party by a failed to name all necessary parties in their proper capacity.

7. Plaintiff's claims are barred by any other matter constituting an avoidance or affirmative defense.

WHEREFORE, the Estate respectfully requests that the Plaintiff's Complaint herein be dismissed, and that the Estate be awarded its attorney fees, costs, and such other relief as the Court deems appropriate.

DATED: February 23, 2023

/s/ William J. Kennedy, Esq.
William J. Kennedy, Esq. (Bar No. 5368)
Andrew W. Sparks, Esq. (Bar No. 3649)
*Attorneys for Party-in-Interest Misha Pride, Esq., Personal Representative of the Estate of Jon F. Sorenson*

DRUMMOND & DRUMMOND, LLP
One Monument Way
Portland, Maine 04101
Tel.: (207) 774-0317
wkennedy@ddlaw.com;
asparks@ddlaw.com